UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-200-FL

| SHAWNA CANNON LEMON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF LAW** |
| | ) | **IN SUPPORT OF MOTION** |
| MYERS BIGEL, P.A., formerly known | ) | **FOR LEAVE TO AMEND** |
| As "Myers Bigel & Sibley" and | ) | **THE COMPLAINT** |
| "Myers Bigel Sibley & Sajovec, P.A.," | ) | |
| LYNNE A. BORCHERS and | ) | |
| UNNAMED OTHERS, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES plaintiff Shawna Cannon Lemon ("Lemon"), by and through counsel; and, pursuant to Fed. R. Civ. P. 15(a)(2) and L.R. 7.2 and 7.3, Lemon hereby files this memorandum of law supporting Lemon's motion for leave to file the proposed amended complaint. In support of her motion, Lemon states as follows:

## INTRODUCTION

In this lawsuit, Lemon seeks the Court's protection against defendants Myers Bigel, P.A. ("MB"), Lynne A. Borchers ("Borchers"), and Unnamed Others' ("Others") (collectively MB, Borchers, and Others "Defendants") discriminatory and intolerable retaliation against her in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VIII"). Through their motion to dismiss briefing—particularly Defendants' closing brief—Defendants seek to avoid defending Lemon's claims of discrimination by taking a hardline position that Lemon was only a shareholder and

that Title VII claims do not apply. (Defs.' Reply Mem. in Supp. of Mot. to Dismiss 5–7).

While the facts and law in this case do not support Defendants' end-run around their discriminatory conduct, Defendants' new emphasis on Lemon's purportedly exclusive status as a former shareholder of MB justify an amendment of the complaint (originally filed in North Carolina Superior Court) for at least the following reasons.

First, the proposed amended complaint adds additional facts which not only support Lemon's plausible claims alleged in the initial complaint, but also give rise to shareholder claims if it is ultimately determined that Lemon suffered damages in her capacity as a shareholder. Those additional allegations underscore the fact that Lemon did not cease to be an employee of MB simply because she became a shareholder of MB, as well. However, the proposed amended complaint also alleges facts which explain and support the additional claims pleaded in it relating to Lemon's status as a shareholder of MB. These additional facts include an explanation of the corporate governance of MB, the actual control of MB by Borchers and MB's "Controlling Group," and the corporate actions taken pursuant to the direction of Borchers and the Controlling Group based on a discriminatory and retaliatory motive.

Second, Defendants' contention in their motion to dismiss that Lemon was only a shareholder of MB and not an employee within the protection of Title VII would still support additional claims that Lemon suffered special harms as a shareholder

2

who was unjustly targeted and pushed out of the firm for discriminatory and retaliatory reasons. For that reason, Defendants' attempt to side-step the Title VII claim would put them in the path of new claims for breaches of fiduciary duties and breaches of implied covenants of good faith and fair dealing.

Finally, this motion is made in a good faith effort to confront Defendants' counterfactual arguments concerning Lemon's status as an employee of MB. The new facts and claims raised in the amended complaint arise out of the same series of events complained of in the initial complaint and are directly related to the counterfactual arguments raised by Defendants regarding Lemon's employment status. Because the new facts and claims are so related, the amendment of the complaint will not cause any undue prejudice to Defendants.

Therefore, as set forth more fully below, Lemon respectfully requests leave to amend her complaint to address the positions taken by Defendants that are contrary to their treatment of her as an employee protected by Title VII.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Lemon was an exemplary employee of MB from September 2001 through December 31, 2016. (Compl. ¶¶ 14–16). Despite becoming a shareholder of MB, she was treated at all times as an employee of MB. (Compl. ¶ 14). During the course of Lemon's employment, she participated in good faith in MB's investigation into claims of gender discrimination and a hostile work environment at MB. (Compl. ¶¶ 17–19). In response to Lemon and other complainants raising sincere concerns regarding gender discrimination at MB, Defendants embarked on a series of retaliatory actions

designed to punish Lemon and the other female complainants for raising sincereconcerns regarding gender discrimination at MB. These retaliatory actions immediately involved open hostility towards concerns raised by Lemon, (Compl. ¶ 25), and blatant race discrimination against Lemon, (Compl. ¶¶ 27–29). Shortly thereafter, the retaliatory intent of the Defendants manifested itself by denying Lemon's qualifying short term leave ("STL") request after subjecting Lemon to harassment and embarrassment not required of Caucasian employees of MB and changing the Attorney Compensation Plan in a manner that would affect Lemon exclusively, contravening firm policy. (Compl. ¶¶ 33–48). After this and other harassing treatment by Lemon's fellow employees, Lemon could no longer work in the extraordinarily stressful, harassing, humiliating, and hostile work environment at MB, and tendered her resignation on December 23, 2016. (Compl. ¶¶ 56–61).

Lemon filed her initial Complaint on April 4, 2018, including causes of action against Defendants for: (1) Disparate Treatment in violation of 42 U.S.C. § 1981; (2) Race Discrimination in violation of Title VII; and (3) Retaliation in violation of Title VII. On May 9, 2018, Defendants removed the case to this Court. [DE 1]. After receiving multiple extensions of time to respond to the complaint, [DE 7, 12, 14, 16], MB filed a motion to dismiss on August 6, 2018. [DE 17]. In their memorandum in Support, Defendants argued that Lemon's Complaint, *inter alia*, "fails to allege facts sufficient to establish that she was an 'employee' of [MB] under Title VII."[1] [DE 18].

---

[1] Defendants' memorandum in support contains exhibits which include Lemon's Employment Agreement, Shareholders' Agreement, Short-Term Leave/Short-Term Disability Plan, and Attorney Compensation Plan. While these documents were implicated in the complaint, they were not submitted with such. Moreover, Defendants' reply memorandum includes a legal news article as an exhibit for the Court's

4

Lemon's memorandum in opposition to Defendants' motion to dismiss countered by arguing that Lemon "alleged sufficient facts plausibly showing she was an 'individual' and 'person aggrieved' within the meaning of Title VII," bolstering her position that she was treated at all times as an employee by MB. [DE 21]. Defendants' reply memorandum in support of their motion to dismiss solidified their position that Lemon was not an employee of MB by arguing that Lemon's shareholder status *de facto* precludes her from being an employee. [DE 23].

After the briefing of Defendants' motion to dismiss was complete, Lemon realized, due to Defendants' arguments regarding her status as a shareholder precluding her from being an employee, that she had potential claims relating to her shareholder status that were complementary to her employment-related claims. To assess these potential claims and prepare an amended complaint, Lemon reached out to and engaged separate counsel who handle breach of fiduciary duty claims. The undersigned counsel diligently undertook to review relevant materials and the pleadings in the matter, and prepare an amended complaint to: (1) provide additional factual allegations relating to Lemon's status as an employee and (2) allege additional factual allegations supporting causes of action for breach of fiduciary duty and breach of implied covenants of good faith and fair dealing. Lemon filed the instant motion shortly thereafter, within around eight (8) weeks of the filing of Defendants' reply memorandum. In accordance with L.R. 15.1(a), the proposed amended complaint and

---

consideration. These materials are outside of the pleadings, and this Court should either disregard those documents in ruling on Defendants' motion to dismiss or convert the motion to dismiss into a motion for summary judgment and allow Lemon the opportunity to present additional evidence. *See* Fed. R. Civ. P. 12(d).

5

a redlined document showing the changes between the complaint and proposed amended complaint are attached to the motion for leave to amend the complaint as "Exhibit A" and "Exhibit B," respectively.

## ARGUMENT

### I. Standard of Review.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading shall be "freely" given "when justice so requires." The grant of such leave is entirely with the discretion of the Court; a motion for leave may be denied if the amendment is brought for an improper reason "such as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the non-moving party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend is not futile if the added claims would survive a motion to dismiss. *See Save Our Sound, OBX, Inc. v. N. Carolina Dep't of Transportation*, No. 2:17-CV-4-FL, 2017 WL 7048561, at *3 (E.D.N.C. Dec. 5, 2017) (quoting *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). To survive a motion to dismiss, the claim must meet the standards of Rule 12(b)(6). *Id.* at *4. In other words, the movant must demonstrate some plausible basis exists which "calls for enough face to raise a reasonable expectation that discovery will reveal [the] evidence." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

As discussed below, Lemon's motion is brought in good faith and for a good cause, and will not cause undue delay or prejudice to Defendants. Additionally, Lemon's proposed amendment is necessary in the interest of justice to clarify its

existing claims against Defendants and add new claims in light of Defendants' position that Lemon was not an employee of MB. Accordingly, this Court should grant Lemon's motion to amend.

### II. Lemon's Motion Is Made in Good Faith and Not for the Purpose of Delay.

The purpose of Fed. R. Civ. P. 15 "is to enable a party to assert matters that were overlooked or unknown at the time the party interposed the original complaint or answer." Alan Wright, Arthur Miller, and Mary Kay Kane, 6 *Fed. Prac. & Proc. Civ.* § 1473 (3d ed. 2018). Here, Lemon reasonably understood from the totality of the circumstances that she was an employee of MB and that the harms caused to her by MB's retaliation and discrimination arose out of her status and compensation as an employee of MB.

As initially drafted, Lemon's complaint brought claims solely based on Defendants' status as an employee; however, through briefing on Defendants' motion to dismiss, Defendants crystallized their position that Lemon has no rights as an employee because she solely functioned as a shareholder of MB. By extension, Defendants' position appears to be that any harm suffered by Lemon would be as a shareholder of MB, which necessitates the addition of claims which confront Defendants' unlawful conduct if her compensation by MB is found to be as a shareholder and not as an employee.

Lemon strongly disagrees with Defendants' efforts to avoid the protections afforded to her as an employee under Title VII, as there are several well-pleaded facts in the complaint which demonstrate that Lemon was both an employee *and* a

7

shareholder of MB. Following Defendants' hardline position that Lemon's compensation was *only* as a shareholder, Lemon promptly conducted due diligence to analyze whether corporate and shareholder claims were also appropriate to account for Defendants' new contentions and admissions. After conducting due diligence, including engaging corporate counsel, Lemon promptly filed this motion within eight (8) weeks after receiving Defendants' reply brief, which clearly articulated Defendants' position regarding Lemon's status as a shareholder.

Moreover, Lemon's motion to amend is brought in a good faith effort to more clearly enunciate the facts and legal theories resulting from Borchers' misdeeds and actions. Defendants raised counterfactual arguments in their motion to dismiss briefing and took a hardline legal position that led Lemon to raise additional facts and legal theories. These additional facts and legal theories directly address the issues raised in Defendants' motion to dismiss briefing and thereby underline the good faith basis of Lemon's motion.

For these reasons, Lemon's motion to amend is timely, filed in good faith, and not intended to cause any unnecessary delay.

**III. Granting Lemon's Motion Will Not Result in Undue Prejudice.**

A motion for leave to amend is properly granted where the amendment will not result in "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Undue prejudice results where the non-moving party would have changed its course of action had the proposed amendment been included in an earlier pleading, or where the action is so developed through discovery that it would be unfair to the

non-movant to allow amendment. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980)) ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."). Generally, "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Wall v. Chesapeake & Ohio Rwy.*, 339 F.2d 434 (4th Cir. 1964)).

Here, Defendants are not prejudiced by an amendment designed to confront the questions of fact that they raise in defense to Lemon's Title VII claims, namely: that Lemon was *only* a shareholder of MB. This case has only just begun, no discovery has been conducted, and the scope of anticipated discovery will relate to the same misconduct by Defendants that the complaint currently challenges. The underlying facts supporting each of Lemon's claims are substantially similar and the allegations and claims added in the amended complaint preserve Lemon's ability to recover for the harms caused to her by Defendants regardless of whether the issues of fact regarding Lemon's employee status are resolved in Lemon or Defendants' favor. The absence of prejudice to Defendants therefore warrants the granting of Lemon's motion. *See Davis*, 615 F.2d at 613.

To the extent that Defendants do claim prejudice, such claims are far outweighed by the interests of justice in Lemon's conforming her pleadings to the facts of this case and presenting a complete set of facts and claims to the Court. Again, however, because Lemon proceeded with reasonable haste and presented this motion

at the initial stages of this action before discovery has begun, Defendants can make no claim of undue prejudice. Accordingly, the motion should be granted.

IV. **Lemon's Amendment Adds Plausible Corporate Claims.**

Amending Lemon's complaint to add two new causes of action and additional factual allegations is not futile, as the existing claims as amended and the additional claims would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Save Our Sound, OBX, Inc. v. N. Carolina Dep't of Transportation*, No. 2:17-CV-4-FL, 2017 WL 7048561, at *2 (E.D.N.C. Dec. 5, 2017). A plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the proposed Amended Complaint should be assumed as true and construed in the light most favorable to Lemon. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *see also Vaughn v. Transdev Servs., Inc.*, 179 F. Supp. 3d 559, 565 (E.D.N.C. 2016) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.2009)). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510–11 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980), *cert. dismissed,* 448 U.S. 911 (1980)).

Lemon's proposed amended complaint addresses the issues raised in the briefing regarding Defendants' motion to dismiss. First, the amended complaint alleges additional facts relating to MB's treatment of Lemon as an employee, and clearly establishes the factors which, under the test enunciated in *Clackamas*

10

*Gastroenterology Assocs. P.C. v. Wells*, 538 U.S. 440 (2003), demonstrate that Lemon was an employee, and treated by MB as such, for purposes of Title VII. Notably, the amended complaint alleges as follows:

Lemon was an employee of MB, for several reasons, including:

    a.    She executed an Employment Agreement with MB setting forth the terms and conditions of her employment;

    b.    The Employment Agreement was not superseded when Lemon became a shareholder of MB, and Lemon's shareholder status depended on her remaining an employee of MB;

    c.    MB treated Lemon as an employee for tax purposes and continued to do so even after she became a shareholder of MB;

    d.    Lemon was subject to oversight by MB and required to report to, *inter alia*, the Management Committee and Borchers as the Managing Shareholder;

    e.    Lemon's work was subject to review by MB through its attorneys; and

    f.    MB had the power to terminate Lemon's employment even after she became a shareholder of MB.

(Amended Complaint ¶¶ 154, 159). These allegations and related allegations within the proposed amended complaint do more than merely "parrot the *Clackamas* factors in conclusory terms," but instead "allege specific facts sufficient to establish" those factors. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss 7). The additional facts alleged in the proposed amended complaint relating to Lemon's employment are also sufficient to withstand a motion to dismiss; therefore, amendment of the complaint is not futile.

Further, the proposed amended complaint contains a new fourth claim for relief which alleges all the elements of a legally sufficient breach of fiduciary duty claim, which include (1) the existence of a fiduciary duty; (2) breach of that fiduciary duty; and (3) damages resulting from that breach. *See Green v. Freeman*, 367 N.C. 136, 141, 749 S.E.2d 262, 268 (2013). In North Carolina, directors and officers have certain fiduciary duties, including duties to act in good faith, with the care of an ordinarily prudent person in similar circumstances, and in the best interests of the corporation. N.C. Gen. Stat. §§ 55-8-30, 55-8-42.[2] Additionally, while shareholders generally do not owe duties to one another, "[i]n North Carolina, it is well established that a controlling shareholder owes a fiduciary duty to minority shareholders." *Freese v. Smith*, 110 N.C. App. 28, 37, 428 S.E.2d 841, 847 (1993) (citing *Gaines v. Long Mfg. Co.*, 234 N.C. 340, 67 S.E.2d 350 (1951)). The fiduciary duty owed by controlling shareholders includes "the duty to exercise good faith, care, and diligence to make the property of the corporation produce the largest possible amount" and "to protect the interests of the holders of the minority of the stock . . . ." *Gaines v. Long Mfg. Co.*, 234 N.C. 340, 344, 67 S.E.2d 350, 353 (1951). Although North Carolina requires certain claims against a director or officer to be brought derivatively on behalf of the corporation, there are two exceptions to this general rule which allow a plaintiff to bring a claim for breach of fiduciary duty directly: (1) where "the wrongdoer owed him a special duty" or (2) where "the injury suffered by the shareholder is separate and

---

[2] While MB is a professional association, the standards of conduct for officers and directors set forth in the North Carolina Business Corporation Act apply to officers and directors of a professional association. N.C. Gen. Stat. § 55B-3.

12

distinct from the injury sustained by the other shareholders or the corporation itself."
*Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 659, 488 S.E.2d 215, 219 (1997).

Here, the proposed amended complaint alleges that Borchers served as an officer, director, and controlling shareholder of MB, each of which gives rise to a fiduciary relationship to Lemon and MB pursuant to North Carolina law. The amended complaint alleges that Borchers was a controlling shareholder who owed fiduciary duties to Lemon, For example, the amended complaint alleges that:

Borchers, along with the Controlling Group, exercised actual control over MB in at least the following ways:

a. They controlled the Management Committee through Borchers, who led discussion amongst the Management Committee and influenced its decisions;

b. They controlled the Board of Directors through the Management Committee by setting special Board of Directors meetings, preparing and circulating agendas, and making recommendations which the Board of Directors would approve as a matter of course;

c. They unilaterally removed one of the female complainants from the Management Committee to stifle a dissenting voice;

d. They controlled the firm's revenues and the abilities of other shareholders to earn more than their base compensation through their control of major client relationships, and controlled the firm's billing through Borchers's authority and oversight;

e. They expressly excluded individuals outside of the Controlling Group from exercising control, including by giving Borchers consolidated authority of MB's President and Managing Shareholder and otherwise disregarding the authority of other officers; and

13

> f. They manipulated the flow of information from the Management Committee to the Board of Directors and Shareholders by including factually incorrect statements, delaying the release of minutes to prejudice directors and shareholders against Lemon, and outright failing to release certain other minutes.

(Amended Complaint ¶ 167). To the extent that such claims would ordinarily be brought derivatively, Lemon has alleged that both *Barger* exceptions apply to her: (1) Borchers (and Others) owed Lemon special duties by nature of Borchers' status as controlling shareholder, officer, and director of MB, as well as her status as Lemon's law partner; and (2) Lemon suffered separate and distinct injuries as a result of Borchers' breaches of fiduciary duty by nature of, *inter alia*, the denial of her STL request, amendment of the Attorney Compensation Plan solely to punish Lemon, and promotion of a hostile work environment to cause Lemon to terminate her employment. If the issues of fact regarding Lemon's employment status are resolved in Defendants' favor, the same conduct that Lemon contends she suffered as an employee would still be suffered by her as a shareholder of MB.

Additionally, the proposed amended complaint further alleges that Borchers breached her fiduciary duties by acting in bad faith towards Lemon, in her own selfish interests rather than in the best interests of MB, and without the care of an ordinarily prudent person in reasonably similar circumstances. For example, Borchers removed Lemon and another shareholder from a directors' meeting based on their alleged hiring of an attorney. (Amended Compl. ¶ 99). Additionally, Borchers, along with the Controlling Group, led the effort to summarily deny Lemon's STL plan and attempt to punish her alone by amending the Attorney Compensation Plan. (Amended Compl.

14

¶¶ 105–114). These breaches and others raised in the complaint cannot be attributed to a rational business purpose, but instead can only be attributed to unlawful discrimination and retaliation. As a result of these breaches, the proposed amended complaint alleges, Lemon has suffered damages. Taking these allegations and other supporting allegations in the proposed amended complaint as true, Lemon has indeed stated a claim for breach of fiduciary duties against Borchers, and the addition of the fourth claim for relief therein is not a futile amendment.

The proposed amended complaint further contains a new fifth claim for relief, which alleges all the elements of a legally sufficient breach of implied covenant of good faith and fair dealing claim. North Carolina law

> implies an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made. Moreover, in every contract there exists an implied contract of good faith and fair dealing; and more specifically, under such rule, the law will imply an agreement that neither party will do anything which will destroy or injure the right of the other to receive the benefits of the agreement.

*Maglione v. Aegis Family Health Centers*, 168 N.C. App. 49, 56–57, 607 S.E.2d 286, 291 (2005).

Here, Lemon alleges that there were two contracts existing between Lemon, MB, and Borchers—Lemon's Employment Agreement, and the MB Shareholders' Agreement. Each of these contracts contains an implied covenant of good faith and fair dealing pursuant to North Carolina law. Borchers' and MB's bad faith, retaliatory actions alleged in the proposed amended complaint constituted breaches of the implied covenants of good faith and fair dealing in the Employment Agreement and

15

Shareholders' Agreement. As a result of those breaches, Lemon suffered damages. The allegations of the proposed amended complaint therefore state a claim under North Carolina law, and the proposed amended complaint is not futile as to this claim.

## CONCLUSION

For the foregoing reasons, Lemon respectfully requests that the Court grants her motion for leave to file amended complaint.

This the 19th day of November, 2018.

**BAILEY & DIXON, LLP**

By: */s/ J. Heydt Philbeck*
J. Heydt Philbeck
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27601
Telephone: (919) 828-0731
hphilbeck@bdixon.com
and
**SHANAHAN McDOUGAL, PLLC**

By: */s/ Brandon S. Neuman*
Brandon S. Neuman, NCSB # 33590
Nathaniel J. Pencook, NCSB # 52339
128 E. Hargett St., Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
bneuman@shanahanmcdougal.com
npencook@shanahanmcdougal.com

*Attorneys for Plaintiff Lemon*

CERTIFICATE OF WORD COUNT:

Pursuant to Local Civil Rule 7.2(f)(4), I hereby certify that the foregoing document complies with the type-volume limitations of Local Civil Rule 7.2(f) and contains 4.073 words (8,400 word limit), excluding those portions exempted by the rule.

This the 19th day of November, 2018.

/s/ *J. Heydt Philbeck*
J. Heydt Philbeck
Bailey & Dixon, LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-200

| | |
|---|---|
| SHAWNA CANNON LEMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MYERS BIGEL, P.A., *et al.*, )<br>)<br>Defendants. ) | CERTIFICATE OF SERVICE |

The undersigned counsel hereby certifies that on this date, a copy of the foregoing Lemon's memorandum of law in support of motion for leave to amend complaint was electronically filed with the Clerk of Court for the EDNC using the CM/ECF system, which should send notification of such filing to the counsel for the parties listed below, who are believed to be CM/ECF participants.

This the 19th day of November, 2018.

BAILEY & DIXON, LLP

By: /s/ *J. Heydt Philbeck*
J. Heydt Philbeck
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27601
Telephone: (919) 828-0731
Email: hphilbeck@bdixon.com

SERVED ON:
Kerry A. Shad, Esq.
Smith, Anderson, Blount, *et al.*
Post Office Box 2611
Raleigh, NC 27602-2611
Email: kshad@smithlaw.com

18