UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-200-FL

| | |
|---|---|
| SHAWNA CANNON LEMON, | ) |
| Plaintiff, | ) |
| v. | ) **REPLY IN SUPPORT OF** |
| | ) **MOTION FOR LEAVE TO** |
| MYERS BIGEL, P.A., formerly known | ) **FILE AMENDED** |
| As "Myers Bigel & Sibley" and | ) **COMPLAINT** |
| "Myers Bigel Sibley & Sajovec, P.A.," | ) |
| LYNNE A. BORCHERS and | ) |
| UNNAMED OTHERS, | ) |
| Defendants. | ) |

NOW COMES Plaintiff Shawna Cannon Lemon ("Plaintiff" or "Lemon"), by and through counsel, and, pursuant to Fed. R. Civ. P. 15(a)(2) and L.R. 7.1 and 7.2, hereby files this Reply in Support of Plaintiff's Motion for Leave to File Amended Complaint ("Motion"). In support of her Motion, Plaintiff states as follows:

## ARGUMENT

Lemon suffered substantial and pervasive racial and gender discrimination at the hands of Defendants Myers Bigel, P.A. ("MB") and Lynne Borchers ("Borchers") (collectively, "Defendants"), leading to a hostile work environment, the denial of her short-term leave, her forced exit from MB, and damages flowing therefrom. Defendants initially moved to dismiss Lemon's Complaint based on a hardline position that the harms suffered by Lemon were not as an employee, but rather as a shareholder/owner. In their Memorandum of Law in Opposition to Lemon's Motion for Leave to Amend the Complaint [D.E. 31] ("Memo in Opposition"), Defendants now claim that she suffered no harm as a shareholder. Defendants seek to deny Lemon any remedy for the injuries she suffered due to Defendants' misconduct.

Defendants spin disputes of fact into failures of pleading, while claiming (and overstating) delay by Lemon in filing her Motion and, tellingly, making no claims of prejudice. The progression of this action to discovery will ultimately reveal which of Lemon's alternative claims are supported by the facts in this dispute; at this early juncture, however, the interests of justice are in favor of allowing Lemon leave to amend her complaint to confront Defendants' attempt to avoid her employment claims through counterfactual arguments concerning her employment and shareholder status. This matter should proceed to the merits, which Defendants' technical, but misguided, arguments are making every effort to avoid.

I. **Lemon did not unduly delay in seeking leave to amend her Complaint, and Defendants are not prejudiced by any reasonable delay.**

"[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Wall v. Chesapeake & Ohio Railway*, 339 F.2d 434 (4th Cir. 1964)). Moreover, "delay alone is not sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986). Defendants punctuate their Memo in Opposition with exaggerated references to the amount of time it took Lemon to file the Motion—less than two months after completion of briefing on Defendants' Motion to Dismiss.[1] After Defendants crystallized their hardline, counterfactual position that Lemon was solely a shareholder and not an employee of MB, Lemon proceeded with reasonable haste to engage separate counsel, investigate undeveloped legal issues and corporate arguments, and prepare amendments to the Complaint that further demonstrate the need for discovery in this matter. Tellingly, Defendants claim no prejudice. For these reasons, Lemon's Motion should be granted in the ordinary course under Rule 15(a)(2)'s lenient standard.

---

[1] Defendants conveniently omit the fact that they sought multiple extensions of time to merely answer the Complaint, and are only now complaining about the timing of filings. [D.E. 6, 11, 13, 15].

## II. Lemon's proposed amendments are not futile.

"Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. At most, Defendants raise issues of disputed fact that are not appropriate for resolution at this preliminary stage. Lemon's Proposed Amended Complaint is therefore not "clearly insufficient," and is far from "frivolous on its face."

### a. Lemon's employment claims are sufficiently pled, and Defendants' characterizations of those pleadings evidence disputes of fact properly resolved in discovery.

The dispute over the sufficiency of Lemon's pleading of the Title VII gender and race discrimination claims and the race discrimination claim under 42 U.S.C. § 1981 is well-supported in the parties' briefing of Defendants' Motion to Dismiss [D.E. 18, 21, 23] and in their briefing of Plaintiff's Motion [D.E. 27, 31]. Defendants' argument has evolved, however, from claiming that "Plaintiff's allegations simply parrot the *Clackamas* factors in conclusory terms but wholly fail to allege specific facts sufficient to establish any of the factors" [D.E. 18 p.7] to now claiming that there are only "three 'facts' to establish 'employee' status . . . ." [D.E. 31 p.4].

The touchstone of the *Clackamas* analysis is this: "[i]f the shareholder-directors operate independently and manage the business, they are proprietors and not employees; if they are subject to the firm's control, they are employees." *Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 448 (2003). Lemon's Proposed Amended Complaint contains allegations which raise questions of fact under each of the six *Clackamas* factors, which are probative of the ultimate question: the extent to which she was subject to the firm's control. The question of control is an important factual inquiry that will need to be resolved by discovery—under Lemon's employment claims *and* her alternative corporate claims. The following disputes of fact have become apparent through the parties' briefs:

3

- The extent to which MB could hire or fire Lemon and set the rules and regulations of her work (*E.g.*, Prop. Am. Compl. ¶¶ 19–24, 35);
- Whether Lemon's compensation was more akin to an employee or a shareholder (*E.g.*, *id.* ¶¶ 25-27);[2]
- The extent to which the contracts between Lemon and MB, including her employment and shareholders' agreements, evidence an intent for Lemon to be an employee (*E.g.*, *id.* ¶¶ 30–43);
- The extent to which Lemon was subject to control by persons higher in the organization, both through her reporting requirements and through supervision of her work (*E.g.*, *id.* ¶¶ 22–24, 28, 38, 42–43, 154, 159).

These disputes of fact go to the heart of the *Clackamas* analysis and merit further discovery to reveal the full nature of Lemon's relationship with MB. Critically, these facts have been alleged in the Proposed Amended Complaint. At this point, however, Lemon's employment claims are not "clearly insufficient or frivolous on [their] face," *Johnson*, 785 F.2d at 510–11 (citation omitted). There are allegations and disputes of fact sufficient to defeat a motion to dismiss. Accordingly, Lemon's Motion is not futile and should be granted.

Moreover, Defendants' argument regarding Lemon's race discrimination claims further evidences factual disputes ripe for discovery. Defendants' continued insistence that Lemon plead her STL-qualifying personal health conditions and events—which may be appropriately subject to a protective order—is intended to harass and embarrass Lemon and nothing more. For purposes of this action, it is satisfactory to plead that there were several qualifying events, for which Lemon provided more proof than was required of any other shareholder. (Prop. Am. Compl. ¶¶ 88–96).

Defendants claim that Richardson's statements show that there was a non-discriminatory explanation, but ignores the fact that she made racially animated statements prior to this pretextual denial of Lemon's request for STL. In fact, the Proposed Amended

---

[2] Defendant's Memo in Opposition again references materials not contained in the pleadings, which is a tacit admission that there are factual disputes to be resolved in discovery. [D.E. 31 p.5]. Moreover, Defendants claims regarding Lemon's allegations absolutely fail to follow the standard under Rule 12(b)(6)—whether the complaint "contain[s] sufficient factual matter, accepted as true," to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

Complaint states that Richardson was motivated by her racial animus in misleading the Board regarding Lemon's STL request. (*Id*. ¶¶ 102–03). The parties clearly differ as to whether there is a legitimate non-discriminatory reason for MB's denial of Lemon's STL; however, the Court must accept Lemon's factual allegations and reasonable inferences as true, and Lemon's Motion should be granted to permit discovery on this issue along with the other factual disputes raised by Defendants' arguments.

### b. Lemon has properly alleged breach of fiduciary duty by Borchers as officer, director, and controlling shareholder.

Defendants' Memo in Opposition argues that Lemon's breach of fiduciary duties claim fails on a number of grounds. As discussed herein, however, these arguments misinterpret the law, and demonstrate the very disputes of fact which underscore the plausibility of Lemon's claims and make Lemon's Motion appropriate and in the interests of justice.

### i. Pursuant to *Barger*, Lemon can bring direct claims, as she was owed special duties and suffered unique harm.

Defendants claim that Lemon cannot bring a claim for breach of fiduciary duty because "officers and directors like Borchers owe fiduciary duties to the corporation, not to individual shareholders." [D.E. 31 p.9]. This argument plainly ignores well-settled North Carolina law established by *Barger v. McKoy Hillard & Parks*, 346 N.C. 650, 488 S.E.2d 215 (1997) and the import of the *Barger* rule underlying *Rivers v. Wachovia Corp.*, 665 F.3d 610 (4th Cir. 2011)—namely, that certain circumstances allow a shareholder to bring claims against officers directly, rather than derivatively, where there is (1) a special relationship, e.g., the "special protection" afforded to "minority shareholders in a close corporation," *Rivers* at 617–18, or (2) "a legal basis exists to support plaintiffs' allegations of an individual loss, separate and distinct from any damage suffered by the corporation." *Id.* at 618 (quoting *Barger*, 346 N.C. at 659, 488 S.E.2d at 220).

5

*Rivers* is easily distinguishable from the instant case. The complaining shareholder in *Rivers* could not maintain his action directly instead of derivatively because (1) there was no special relationship, in part because he "was not a minority shareholder in a closely held corporation but one among many who held Wachovia's publicly traded shares"; and (2) the alleged misconduct "did not inflict any special or distinct injury on [the plaintiff], but rather injured the corporation." *Id.* Lemon, on the other hand, has alleged facts establishing both *Barger* rule exceptions. The Proposed Amended Complaint invokes the "special protection" afforded to "minority shareholders in a close corporation," *Rivers* at 617–18, and alleges separate and distinct harm that resulted to her as a result of Borchers's breaches of fiduciary duties. (Prop. Am. Compl. ¶¶ 131–33, 169, 178). Although Borchers's fiduciary duties as an officer and director were owed to MB, her breach of those duties in the context of the special protection of Lemon as a minority shareholder in a close corporation caused separate and distinct harm to Lemon, allowing Lemon to maintain a claim on that basis.

> **ii. Lemon has sufficiently alleged that Borchers was controlling shareholder, and the extent to which Borchers controlled MB is a question of fact warranting discovery.**

Defendants' Memo in Opposition discusses at length the Supreme Court of North Carolina's opinion in *Corwin v. British Am. Tobacco PLC*, __ S.E.2d __, Case No. 56PA17, 2018 WL 6437701 (N.C. Dec. 7, 2018), an opinion issued after Lemon filed her Motion. That opinion contains essential law which bolsters Lemon's claim for breach of fiduciary duty and militates in favor of granting Lemon's Motion.

The *Corwin* opinion notes that "[t]his Court has never held that a *minority* stockholder owes fiduciary duties to other stockholders, but it has also never held that a minority stockholder *cannot* owe fiduciary duties to other stockholders." *Corwin*, 2018 WL 6437701, at *7 (N.C. Dec. 7, 2018) (emphasis in original). Although the Court did not

6

explicitly adopt the Delaware approach, the Court analyzed the plaintiff's claim using the same considerations identified by the Delaware approach and determined that the allegations of control were insufficient to show that the defendant "exercised actual control over the Reynolds board of directors." *Id.* at *9.

The Delaware approach finds actual control where the alleged controlling shareholder's "power [is] so potent that independent directors . . . cannot freely exercise their judgement, fearing retribution." *Id.* at *7 (citation omitted). The existence of that power must be coupled with the actual use of that power. *Id.* Moreover, "[t]hreats and demands . . . may support a claim that the stockholder exercised actual control." *Id.* at *8 (citation omitted).

Although the analogy to *Corwin* is useful insofar as it discusses the duties of a controlling shareholder, the actual control possessed and exercised by Borchers differs from the alleged controlling shareholder in *Corwin*. Lemon's Proposed Amended Complaint is replete with factual allegations demonstrating Borchers's and the Controlling Group's actual control, even without the benefit of discovery. Most notably, Lemon has alleged that Borchers and the Controlling Group had actual control over MB's revenues and major client relationships and exercised actual control of the firm in practice through threats and intimidation. (*See, e.g.*, Prop. Am. Compl. ¶¶ 50–52, 107–08).

Ultimately, the facts pled in the Proposed Amended Complaint support the theory that Borchers possessed actual control over MB through her technical authority as Managing Shareholder and practical authority created by her control, along with the Controlling Group, of the firm's revenues and major client relationships. (*E.g.*, Prop. Am. Compl. ¶¶ 38, 46, 48, 50–53, 55–56). The facts alleged in the Proposed Amended Complaint also give rise to the reasonable inference that Borchers and the Controlling Group exercised control of MB in ways that have not been revealed to Lemon, especially given MB's Board's repeated

compliance with the wishes directed by Borchers and the Controlling Group. (*E.g.*, *id.* ¶¶ 53–56, 80–81, 107–08, 110, 139, 167). Lemon reasonably believes that additional evidence of Borchers's and the Controlling Group's actual authority and exercise thereof will be confirmed by internal communications revealed in discovery, but such information is currently hidden from her because Lemon was expressly excluded from several conversations in which the actual control of Borchers and the Controlling Group was exercised. (*E.g.*, *id.* ¶¶ 74, 99). The imbalance of information—which existed even while Lemon was still a MB shareholder, and was itself an exercise of Borchers's and the Controlling Group's control (*E.g.*, *id.* ¶¶ 116–23)—is the source of any purported vagueness of pleading; the allegations and legal theories in Lemon's Complaint will ultimately be supported by facts heretofore unknown to Lemon uncovered in discovery. *See Save Our Sound, OBX, Inc. v. N.C. Dep't of Transportation*, No. 2:17-CV-4-FL, 2017 WL 7048561, at *2 (E.D.N.C. Dec. 5, 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Lemon's allegations establish facts which do more than "nudge [her] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and she has demonstrated that her claims are not "clearly insufficient or frivolous on [their] face." *Johnson*, 785 F.2d 503, 510 (4th Cir. 1986). Based on the law set forth in *Corwin*, there are significant factual disputes to be explored in discovery relating to Borchers's actual control of MB, and Lemon's breach of fiduciary duty claim is sufficiently pled to reach that stage of litigation.

### iii. Lemon has adequately alleged the remaining elements of breach of fiduciary duty.

Once a fiduciary duty is found to exist, the remaining elements of a claim of breach of fiduciary duty are breach of that duty, and damages proximately caused by that breach. *See Green v. Freeman*, 367 N.C. 136, 141, 749 S.E.2d 262, 268 (2013). Defendants attempt to read a fourth element requiring a benefit to Borchers (D.E. 31 pp. 15–16); however, this fourth

"element" is an improper attempt to conflate the elements of a breach of fiduciary duty claim with a claim for constructive fraud, which has not been pled here. *See, e.g.*, *White v. Consolidated Planning, Inc.*, 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004) ("The primary difference between pleading a claim for constructive fraud and one for breach of fiduciary duty is the constructive fraud requirement that defendant benefit himself.") In fact, the citation omitted by Defendants was to *Barger*—specifically, the section of *Barger* analyzing that plaintiff's constructive fraud claim. *See Barger*, 346 N.C. at 666–67, 288 S.E.2d at 224.

Lemon has indeed pled both breach by Borchers and damages resulting from the breach. The Proposed Amended Complaint contains copious references to Borchers's misconduct, as pointed out by Defendants. To the extent any misconduct was alleged to have been taken solely by the Board, such misconduct is directly tied to Borchers's control. [D.E. 31 pp. 14–15] (*E.g.*, Prop. Am. Compl. ¶¶ 167–68). Lemon has certainly pled that she suffered harms due to Borchers's breaches—not only economic harms due to lost opportunities, but also mental and emotional harms. (*Id.* ¶¶ 131–33). The factual allegations in the Proposed Amended Complaint, taken as true, support Lemon's plausible breach of fiduciary duty claim.

### c. Lemon has properly alleged breach of implied covenant of good faith and fair dealing.

As noted by the North Carolina Court of Appeals, special relationships can support a standalone claim for breach of the implied covenant of good faith and fair dealing. *Richardson v. Bank of America, N.A.*, 182 N.C. App. 531, 556–58, 643 S.E.2d 410, 426–27 (2007). Lemon's standalone claim for breach of the implied covenant of good faith and fair dealing in the Proposed Amended Complaint is grounded in the fiduciary duty owed by Borchers as a controlling shareholder, which has been discussed by the parties at length.

Lemon's Proposed Amended Complaint contains factual allegations demonstrating that there were certain benefits incident to the Shareholders' Agreement and Employment Agreement between Lemon, MB, and Borchers which were denied to her, with the reasonable implication that these denials were deprivations of benefits bargained for in those agreements. (*E.g.*, Prop. Am. Compl. ¶¶ 184–186). Moreover, there are the central expectations in the Shareholders' and Employment Agreements that Lemon would be treated equally with other shareholders, with the same fairness and respect with which she treated others, and that she would receive equal treatment under the laws. (*Id.* ¶¶ 29, 31, 141, 150). These fundamental expectations of all parties entering into the Employment and Shareholders' Agreements were directly related to the misconduct of Borchers and MB alleged in the Proposed Amended Complaint. Accordingly, this claim is more than plausible, and Lemon's Motion should be granted.

## CONCLUSION

For the foregoing reasons, Lemon respectfully requests that the Court grants her Motion for Leave to File Amended Complaint.

This the 17th day of January, 2019.

| BAILEY & DIXON, LLP | SHANAHAN McDOUGAL, PLLC |
|---|---|
| By: */s/ J. Heydt Philbeck* <br> J. Heydt Philbeck, NCSB # 19379 <br> 434 Fayetteville Street, Suite 2500 <br> Raleigh, North Carolina 27601 <br> Telephone: (919) 828-0731 <br> Facsimile: (919) 828-6592 <br> hphilbeck@bdixon.com <br> *Attorney for Plaintiff* | By: */s/ Brandon S. Neuman* <br> Brandon S. Neuman, NCSB # 33590 <br> Nathaniel J. Pencook, NCSB # 52339 <br> 128 E. Hargett St., Third Floor <br> Raleigh, North Carolina 27601 <br> Telephone: (919) 856-9494 <br> Facsimile: (919) 856-9499 <br> bneuman@shanahanmcdougal.com <br> npencook@shanahanmcdougal.com <br> *Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing **Reply in Support of Plaintiff's Motion for Leave to File Amended Complaint** was filed this the 17th day of January, 2019 with the Clerk of Court using the CM/ECF system. Parties may access this filing through the Court's Electronic Filing System. Notice of this filing will be sent to the following counsel of record by operation of the Court's Electronic Filing System:

        Kerry A. Shad
        Isaac A. Linnartz
        David A. Pasley
        Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.
        Post Office Box 2611
        Raleigh, NC 27602
        kshad@smithlaw.com
        ilinnartz@smithlaw.com
        dpasley@smithlaw.com

                        **SHANAHAN McDOUGAL, PLLC**

By:    */s/ Brandon S. Neuman*
        Brandon S. Neuman, NCSB # 33590
        Nathaniel J. Pencook, NCSB # 52339
        128 E. Hargett Street, Third Floor
        Raleigh, North Carolina 27601
        Telephone: (919) 856-9494
        Facsimile: (919) 856-9499
        bneuman@shanahanmcdougal.com
        npencook@shanahanmcdougal.com
        *Attorneys for Plaintiff*

*Of counsel:*
J. Heydt Philbeck
Bailey & Dixon, LLP
434 Fayetteville Street, Suite 2500
Raleigh, North Carolina 27601
Telephone: (919) 828-0731
Facsimile: (919) 828-6592
hphilbeck@bdixon.com